## S. W. SIBLEY V. CONTINENTAL SUPPLY COMPANY.

Motion No. 7479.   Decided March 9, 1927.

(292 S. W., 155).

**Judgment—Agreement to Vacate—Plea of Privilege.**

Defendant who, after a judgment had been entered against him, overruling also his plea of privilege, had entered into a written agreement that the court should vacate same and thereafter hear and determine the question presented by such plea and the controverting affidavits thereto filed by plaintiff, could not be heard to challenge the issue presented by such affidavits on the ground that they had not been filed in time. Having so agreed, error by the appellate court in construing the statute (Art. 2007) as to the time within which such affidavits must be filed was immaterial on his application for writ of error.   (P. 409).

Application to the Supreme Court by Sibley for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

A judgment against plaintiff was affirmed on his appeal (Sibley v. Continental Supply Co., 290 S. W., 769). He applied for writ of error, which was refused without written opinion. On his motion for rehearing the following opinion as to the ground for refusal, was delivered by the court.

*R. L. Stennis,* for relator, cited Galbraith v. Bishop, 287 S. W., 1087, as in conflict with the construction of Art. 2007, by the Appellate Court, but did not discuss the effect of the agreement referred to in the opinion.

*Fischer & Fischer,* for respondent, called attention to the agreement.

PER CURIAM Opinion on Motion for Rehearing:

The writ of error in this case was properly refused, regardless of the erroneous construction placed by the Court of Civil Appeals on Art. 2007 of the Revised Statutes. Plaintiff in error could not be heard to challenge the right of the court to determine the issue made by a plea of privilege and a controverting affidavit, after entering into an agreement in writing that the court should vacate a certain judgment against him, and thereafter hear and determine the question presented by the plea and the controverting affidavit thereto. Motion for rehearing is therefore overruled.